UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BADAYAH BRAZELTON,            )
                              )
           Petitioner,        )
vs.                           )    2:12-cv-00126-WTL-DKL
                              )
CHARLES L. LOCKETT,           )
                              )
           Respondent.        )

**Entry Discussing Petition for Writ of Habeas Corpus**

Badayah Brazelton is confined in this District and seeks a writ of habeas corpus with respect to his conviction entered in the United States District Court for the Northern Southern District of Indiana.

Whereupon the court, having considered the petition for a writ of habeas corpus and being duly advised, now finds that the relief sought by the petitioner must be denied and that the action must be dismissed. This conclusion rests on the following facts and circumstances:

1. A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 only if § 2255 "would not . . . be[ ] adequate to test the legality of the conviction and   sentence." *Melton v. United States*, 359 F.3d 855, 858 (7th Cir. 2004); 28 U.S.C. § 2255(e).

2. A remedy via § 2255 is "inadequate or ineffective to test the legality of [the] detention" when a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence. *In re Davenport*, 147 F.3d 605 (7th Cir. 1998). "A procedure for post conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id.* at 611.

3.      On March 14, 2007, Brazelton was convicted after a jury trial of drug offenses and possession of a firearm by a convicted felon. *See United States v. Brazelton*, 2007 WL 2122395 (N.D.Ind. 2007). On Remand from the Seventh Circuit, the trial court reduced Brazelton's sentence, resulting in a new aggregate sentence of 300 months. *Brazelton v. United States*, 2010 WL 5391579, * 1 (N.D.Ind. 2010). Brazelton's motionfor relief pursuant to 28 U.S.C. § 2255 was then denied. *Brazelton v. United States*, 2010 WL 5391579 (N.D.Ind. 2010).

4.      Brazelton now seeks habeas relief pursuant to § 2241 based on application of the Fair Sentencing Act ("FSA"), which took effect on August 3, 2010, and in which Congress reduced the quantities of cocaine base or "crack cocaine" that trigger mandatory minimum sentences under 21 U.S.C. § 841(b). The Supreme Court then held in *Dorsey v. United States* 132 S. Ct. 2321, 2326 (2012), that the FSA applied retroactively to defendants whose criminal conduct occurred before August 3, 2010, but who were sentenced after that date. Brazelton's original sentence was imposed on June 13, 2007. He was resentenced on September 2, 2009, following remand from the Court of Appeals. Brazelton does not qualify for the limited retroactivity of the FSA under *Dorsey*. *See United States v. Turlington,* 696 F.3d 425, 428 (3d Cir. *2012*)("*[Dorsey]* does not address, or disturb, the basic principle that the FSA does not apply to those defendants who were both convicted and sentenced prior to the effective date of the FSA"). "The [FSA's] lower mandatory minimums do not apply to offenders, like [Brazelton], sentenced before its effective date." *United States v. Robinson*, 697 F.3d 443, 445 (7th Cir. 2012).

5.      Brazelton has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is therefore **denied**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/01/2013

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel